IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                  CASE NO. 1:92-cr-01027-MP-AK

EDGAR ARNOLD GARCIA,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 104, Report and Recommendation of the Magistrate Judge, recommending that Edgar Arnold Garcia's Second Amended Motion to Vacate, Doc. 83, be denied. The Magistrate Judge filed the Report and Recommendation on Thursday, April 13, 2006. The parties have been provided with a copy of the Report and Recommendation and have been afforded the opportunity to file objections. Defendant has filed objections to the Magistrate's Report, Doc. 106. Pursuant to Title 28, United States Code, Section 626(b)(1), this Court must make a *de novo* review of those portions to which an objection is made.

Defendant first objects to the standard applied by the Magistrate in determining whether Defendant's guilty plea was voluntary. Defendant claims that the appropriate standard is whether the guilty plea represents a "voluntary expression of Movant's own choice" (Doc. 106 at 3). The standard applied by the Magistrate requires that the plea be free from coercion and that the defendant understand both the nature of the charges and the consequences of the plea. *See* United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005). The standard relied upon by Defendant is simply an out-dated version of the Frye standard correctly applied by the

Magistrate Judge. The Magistrate's Report correctly applies the law with regard to declarations made at plea hearings, under oath and in open court. As recounted in the Magistrate's Report, Defendant responded in the negative to all questions regarding coercion, inducement, threats or other pressures to plead guilty. Therefore, the court agrees with the Magistrate's conclusion that Defendant's plea was voluntary.

Defendant next objects to the Magistrate's finding that Defendant's trial counsel did not provide ineffective assistance. Defendant's objections are four-fold. First, Defendant objects to the standard applied by the Magistrate in determining effectiveness of counsel. Second, Defendant objects to the Magistrate's finding that Defendant was not erroneously advised to plead guilty to a weapon offense under 18 U.S.C. §924(c). Third, Defendant objects to the Magistrate's finding that Defendant's counsel was not ineffective in advising Defendant that any of the alleged "untrue" statements in the Statement of Facts were inconsequential, as they would not be used in sentencing. Finally, Defendant objects to the Magistrate's finding that trial counsel was not ineffective for failing to withdraw. The Magistrate's Report is a well-reasoned and thorough application of the law with regard to Defendant's claim of ineffective trial counsel. Because the Court fully agrees with the Magistrate's findings with respect to these claims, the Court will only briefly discuss Defendant's first three objections.

The standard for finding counsel ineffective as set forth by Defendant is virtually identical to that applied by the Magistrate. The Defendant relies upon the Eleventh Circuit holdings in Hill v. Lockhart and Yordan v. Dugger. These cases, however, do not support Defendant's claims as both follow the Supreme Court standard set forth Strickland v. Washington. Strickland is the correct standard to apply to claims of ineffective assistance of

counsel, and as such, it is the cornerstone case of the Magistrate's findings.  The Court fully agrees with the Magistrate's analysis and conclusion with respect to these claims.  Furthermore, Defendant's claims contradict the sworn statements he made in open court and recounted in the Magistrate's Report.  Defendant relies upon his claim that the plea was involuntary and unknowingly entered into; this claim is without merit and, therefore, cannot be the basis for an ineffective assistance of counsel claim.

In Defendant's second objection pertaining to his claim of ineffective assistance of trial counsel, the plea to a weapons offense, Defendant has incorrectly stated and applied the language of 18 U.S.C. §924(c).  Section 924(c) applies to "any person who, during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, *or* who, in furtherance of any such crime, possesses a firearm...." 18 U.S.C. §924 (emphasis added).  Defendant does not challenge that a firearm was in his possession or that he used the weapon to murder Martin Cryer.  Defendant's challenge relates to the applicability of the phrases "during and in relation to" and "in furtherance of."  The Supreme Court has held that "the phrase 'in relation to' is expansive, as the Courts of Appeals construing § 924(c)(1) have recognized." Smith v. United States, 508 U.S. 223, 237 (1993).  Furthermore, the Eleventh Circuit has held that "in furtherance of" means that the firearm "helped, furthered, promoted or advanced" the underlying crime.  United States v. Timmons, 283 F. 3d 1246, 1252 (11th Cir. 2002).  It is undisputed that Defendant sought out Martin Cryer for payment of a bad drug debt.  In this regard, the Court agrees with the Magistrate's finding and further finds that regardless of the drug trafficking offense issue, Defendant used a firearm "during and relation to [a] crime of violence" - here, the murder of Martin Cryer.

With respect to Defendant's third objection under the ineffectiveness of trial counsel claim, the Magistrate correctly applies the law with regard to sentence enhancement. Defendant stresses his claim that flight is not a sufficient basis for sentence enhancement. However, flight in addition to other obstructive conduct may warrant sentence enhancement. *See e.g.* <u>United States v.Alpert</u>, 28 F.3d 1104, 1107 (11th Cir. 1994); <u>United States v. Madera-Gallegos</u>, 945 F. 2d 264, 267 (9th Cir. 1991). The U.S. Sentencing Guidelines Manual §3C1.1, obstruction of justice enhancement, contains a clear mens rea requirement that limits its scope to those who "wilfully" obstruct or attempt to obstruct the administration of justice. In this instance, it is clear that Defendant had the necessary mens rea. Defendant not only fled the jurisdiction where he committed the crime - he fled the entire country. Compounding his wilful obstruction, Defendant lived under an assumed name in a religious community. Upon his discovery by Canadian authorities, five years of extradition proceedings began. This alone supports the Magistrate's finding that the "untruths" complained of by Defendant are inconsequential with regards to the sentence enhancement. Therefore, the Court fully agrees with the Magistrate's well-reasoned and thorough analysis with respect to this claim. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**
1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.
2. Defendant's second amended motion to vacate, Doc. 83, is denied.

**DONE AND ORDERED** this   *8th* day of June, 2006



*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge