IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDGAR ARNOLD GARCIA,

    Petitioner,

v.                                                      CASE NO. 1:92-cr-01027-MP-AK

UNITED STATES OF AMERICA

    Respondent.

_____/

## O R D E R

Petitioner has filed a motion for a Certificate of Appealability in this case, Doc. 117. The Court therefore has two issues before it: whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issue(s) should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

Petitioner raises the Court's analysis of the voluntariness of his guilty plea and the ineffectiveness of his counsel as issues debatable among reasonable jurists.  Because Petitioner pled guilty under oath in open court following an extensive colloquy informing him of his rights and questioning him as the to factual basis and voluntariness of the plea, Petitioner's challenge to the voluntariness of his plea is not debatable.  As the Court stated in its order adopting the Magistrate's Report and Recommendation:

> The Magistrate's Report correctly applies the law with regard to declarations made at plea hearings, under oath and in open court. As recounted in the Magistrate's Report, Defendant responded in the negative to all questions regarding coercion, inducement, threats or other pressures to plead guilty. Therefore, the court agrees with the Magistrate's conclusion that Defendant's plea was voluntary.

Doc. 107 at 2.  Because Petitioner claims that counsel was ineffective by forcing him involuntarily to plead guilty, Petitioner's ineffective assistance of counsel claim is likewise not debatable.  "Defendant relies upon his claim that the plea was involuntary and unknowingly

entered into; this claim is without merit and, therefore, cannot be the basis for an ineffective assistance of counsel claim." Doc. 107 at 3. Accordingly, no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed. Therefore, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability is denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for a Certificate of Appealability (Doc. 117) is DENIED.

2. The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this  *16th* day of August, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge